# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### FLORENCE DIVISION

|  |  |  |
|---|---|---|
| JEFFREY L. JERNIGAN, | ) | **Case No.: 4:24-CV-03390-JD** |
|  | ) |  |
| Plaintiff, | ) | **AMENDED COMPLAINT** |
| vs. | ) | (Jury Trial Demanded) |
|  | ) |  |
| PHILIPPE JOSEPH and | ) |  |
| ROGERS CARTAGE CO., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

Plaintiff, JEFFREY L. JERNIGAN, by and through his undersigned attorney, complains of Defendants and alleges as follows:

### Parties, Venue, and Jurisdiction

1. Plaintiff JEFFREY L. JERNIGAN ("Plaintiff") was injured in the crash that is subject of this action (the "Crash"). At all relevant times, Plaintiff is a resident and citizen of Darlington County, State of South Carolina.

2. Defendant PHILIPPE JOSEPH ("Defendant Joseph") was driving the vehicle that crashed into Plaintiff and caused Plaintiff's injuries. Upon information and belief, Defendant Joseph is a citizen and resident of Saint Lucie, County, State of Florida.

3. Upon information and belief, Defendant ROGERS CARTAGE CO. ("Defendant Rogers") is a Wisconsin domestic business that operates its corporate headquarters in Milwaukee, Wisconsin.

4. At all times relevant to this action, Defendant Joseph was an agent, servant, and/or employee of Defendant Rogers, individually or jointly.

5.      At the time of the motor vehicle collision that is the subject of this Complaint, Defendant Rogers's agent, servant, and/or employee, Defendant Joseph, was acting in the course and scope of their employment with Defendant Rogers.

6.      Venue is proper in Darlington County because at the time this cause of action arose, the acts and omissions giving rise to this cause of action took place in Darlington County, as further shown below.

7.      This Court has personal jurisdiction over the parties and subject matter jurisdiction over the issues involved in this case.

### General Factual Allegations

8.      On November 29, 2023, at around 9:15am, Defendant Joseph was driving a 2024 Kenworth (VIN 1XKYDP9X7RJ332996) in DARLINGTON County, South Carolina.

9.      Defendant Joseph was attempting to turn right on to Secondary 179 West.

10.      Defendant Joseph failed to yield to oncoming traffic and pulled out in front of the vehicle being driven by Plaintiff, causing a violent collision with Plaintiff.

11.      Plaintiff was operating his vehicle as a reasonably prudent person under the circumstances.

12.      Defendant Joseph negligently and carelessly failed to yield to oncoming traffic and exited the parking lot at a time when it was unreasonable and dangerous to do so, and crashed into the Plaintiff.

13.      As a result of the crash, Plaintiff sustained severe and debilitating injuries to his body.

### For a First Cause of Action
(Negligence *per se* as to Defendant Joseph)

14.      Plaintiff incorporates the foregoing paragraphs as if fully repeated verbatim here.

15.      Defendant Joseph owed Plaintiff statutory duties to operate his vehicle in a reasonable and safe manner to not cause injury to Plaintiff.

16.     Defendant Joseph failed to exercise due care to avoid crashing into Plaintiff.

17.     Defendant Joseph breached his duty to Plaintiff by failing to yield to oncoming traffic and by failing to exercise due care to avoid crashing into Plaintiff.

18.     Defendant Joseph's violation of his statutory duties constitutes negligence *per se*.

19.     Defendant Joseph's breach of his statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to both compensatory and punitive damages.

20.     Defendant Joseph 's violations of his statutory duties caused Plaintiff's damages, including but not limited to the following:

   a.     Significant past and future medical expenses;
   b.     Lost income and reduced earning capacity;
   c.     Emotional distress and anxiety;
   d.     Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being; and
   e.     Other damages as will be shown in the discovery and trial of this case.

21.     Because Plaintiff was injured as a direct result of Defendant Joseph's violations of his statutory duties described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

22.     Defendant Joseph's statutory violations demonstrate such wanton disregard for the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant Joseph for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Joseph violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

**<u>For a Second Cause of Action</u>**
(Negligence as to Defendant Joseph)

23.     Plaintiff incorporates the foregoing paragraphs as if fully repeated verbatim here.

24.     Defendant Joseph owed Plaintiff a common-law duty to do the following:

    a.  Keep a proper lookout;
    b.  Maintain appropriate attention on the road while driving;
    c.  Maintain his vehicle in a roadworthy manner;
    d.  Yield the right of way to Plaintiff;
    e.  Operate his vehicle in a safe manner and at a safe speed; and
    f.  Drive in a reasonably careful manner with respect for the rights and safety of others such as Plaintiff.

25.    Defendant Joseph breached his duty to Plaintiff in one or more of the following ways:

    a.  Failing to keep a proper lookout;
    b.  Driving while distracted;
    c.  Failing to slow when traffic ahead of him was slowing and stopping;
    d.  Failing to apply his brakes and stop in a timely manner;
    e.  Crashing into Plaintiff instead of steering around or away from him;
    f.  Failing to yield the right of way to Plaintiff;
    g.  Operating his vehicle in an unsafe manner or at an unsafe speed; or
    h.  Driving in an unreasonable and careless manner without thought for the rights and safety of others, including Plaintiff, as shall be further shown in the discovery and trial of this case.

26.    Defendant Joseph's breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

27.    Defendant Joseph's negligent, grossly negligent, careless, reckless, willful, and wanton breach of his duty directly and proximately caused Plaintiff serious injuries, and Plaintiff's outstanding medical bills. As a direct result of Defendant Joseph's negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

    a.  Significant past and future medical expenses,
    b.  Lost income and reduced earning capacity,
    c.  Personal property damage,
    d.  Emotional distress and anxiety,
    e.  Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being, and
    f.  Other damages as will be shown in the discovery and trial of this case.

28.    Because Plaintiff was injured as a direct result of Defendant Joseph's acts and omissions described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

29.     Defendant Joseph's acts and omissions demonstrate such want of care as to show Defendant Joseph was consciously indifferent both to the consequences of his acts and omissions and to the health, safety, and rights of Plaintiff and others. Thus, in addition to Plaintiff's compensatory damages, Defendant Rogers and Defendant Joseph should also pay punitive damages in the amount the jury determines appropriate to punish Defendant Joseph for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Joseph violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

## FOR A THIRD CAUSE OF ACTION
### (Vicarious Liability as to Defendant Rogers)

31.     Plaintiff incorporates the foregoing paragraphs as if fully repeated here.

32.     At the time of the crash that is the subject of this lawsuit, Defendant Joseph was acting in the course and scope of his employment on behalf of Defendant Rogers.

33.     Defendant Rogers, thus acting through its agent, servant, and employee Defendant Joseph, is vicariously liable for the negligent, careless, reckless, wanton, willful, and grossly negligent acts of Defendant Joseph as set forth in the first and second causes of action.

34.     Plaintiff asks this Court to enter judgment ordering Defendant Rogers to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## FOR A FOURTH CAUSE OF ACTION
### (Negligent Hiring, Training, Supervision, and Retention as to Defendant Rogers)

35.     Plaintiff incorporates the foregoing paragraphs as if fully repeated here.

36.    Defendant Rogers was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Joseph to operate a vehicle on Defendant Rogers's behalf in one or more of the following ways:

   a.  Failing to review Defendant Joseph's driving history;
   b.  Failing to assess Defendant Joseph's driving skill;
   c.  Hiring Defendant Joseph to drive on Defendant Rogers's behalf despite Defendant Joseph 's history of unsafe driving;
   d.  Failing to have policies and procedures to train or monitor Defendant Joseph, or if such policies and procedures were in place, failing to enforce them;
   e.  Failing to ensure Defendant Joseph had proper training and experience to operate a vehicle for Defendant Rogers in a safe and effective manner; and
   f.  Otherwise failing to investigate Defendant Joseph's skill and history with a vehicle, train Defendant Joseph in proper driving procedures, supervise Defendant Joseph's driving, to release Defendant Joseph from employment due to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

37.    Based on Defendant Joseph's unsafe driving history, Defendant Rogers knew or should have known that hiring, training, supervising, or retaining Defendant Joseph posed a risk of foreseeable harm to third parties.

38.     Plaintiff asks this Court to enter judgment ordering Defendant Rogers to pay actual, consequential, and punitive damages to Plaintiff Eckart, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff asks this Court to award his actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines he is entitled to, and such other relief as this Court determines is just.

[*Signature Page to Follow*]

**MORGAN & MORGAN, P.A.**
By:      /s/Jonathan Graham
Jonathan D. Graham
Federal Bar No. 13969
E-Mail: jgraham@forthepeople.com
4401 Belle Oaks Drive, Suite 300,
North Charleston, SC 29405
(843) 947-6063

Charleston, SC

*Counsel for Plaintiff*

September 26, 2025.