# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| **Jeffrey L. Jernigan,** | Case No.: 4:24-cv-03390-JD |
| Plaintiffs, | |
| v. | **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |
| **Philippe Joseph and Rogers Cartage Co.,** | |
| Defendants. | |

**COMES NOW THE DEFENDANTS**, Philippe Joseph and Rogers Cartage Co., by and through the undersigned attorneys, who would allege and show unto this Honorable Court as follows:

## FOR A FIRST DEFENSE

1. Each and every allegation of the Plaintiff's Amended Complaint not specifically admitted herein is denied.

2. Defendants admit the allegations of Paragraphs 1, 2, and 3, upon information and belief.

3. Defendants lack sufficient knowledge and information to form a belief as to the allegations of Paragraphs 4 and 5, and therefore deny same and demand strict proof thereof.

4. Paragraphs 6 and 7 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

5. Paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 (including subparts), 21, 22, 23, 24 (including subparts), 25 (including subparts), 26, 27 (including subparts), 28, 29, 30, 31, 32, 33, 34, 35, 36 (including subparts), 37, 38, and the paragraph beginning "Wherefore" are denied and Defendants demand strict proof thereof.

## FOR A SECOND DEFENSE
### (Comparative Negligence)

6. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

7. The Defendants would show that such injuries or losses that Plaintiff sustained, if any, were due to and caused by the sole negligence, gross negligence, willfulness, wantonness, carelessness and recklessness of the Plaintiff, combining, concurring and contributing with the negligence, if any, on the part of these Defendants, to such a degree that Plaintiff's recovery is barred by the doctrine of comparative negligence.

## FOR A THIRD DEFENSE
### (Intervening or Superseding Negligence)

8. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

9. The Defendants would show that such injuries or losses that Plaintiff sustained, if any, as alleged in Plaintiff's Amended Complaint, were not due to or caused by any negligence on the part of the Defendants, but were rather due to and caused by the contributing, concurring, intervening or superseding fault, breach of warranty or act or omission of a third party over whom these Defendants had no control.

## FOR A FOURTH DEFENSE
### (Punitive Damages)

10. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

11. The Defendants allege that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

12. The Defendants allege that the Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

13. The Defendants allege that the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of this Defendant.

14. The Defendants allege that the Plaintiff's claim of punitive damages violates the doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

15. The Defendants would show, upon information and belief, that the Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the

Constitution of the United States of America in that it violates the double jeopardy clause in that Defendants could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Defendants can be compelled to give testimony against themselves in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates Defendants' right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills these Defendants' exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

16. Defendants plead the applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. CODE ANN. § 15-32-530, et seq., as amended.

17. Should the punitive damages claim not be dismissed, Defendants demand bifurcation of the actual and punitive damages phases of the trial.

## FOR A FIFTH DEFENSE
### (Rule 12(b)(6))

18. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

19.     The Defendants would show that Plaintiff's Amended Complaint fails to state facts sufficient to constitute a cause of action against Defendants, and therefore must be dismissed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

## FOR A SIXTH DEFENSE
### (Sudden Emergency)

20.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

21.     Even assuming Defendants were negligent in any respect, which is expressly denied, Defendants would show that the Plaintiff's injuries or losses were the result of and reaction to a sudden emergency over which Defendants had no control and, therefore, Plaintiff's action is barred.

## FOR A SEVENTH DEFENSE
### (Waiver and Estoppel)

23.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

24.     The Defendants would show that Plaintiff's Amended Complaint is barred by the doctrine of waiver and estoppel.

## FOR AN EIGHTH DEFENSE
### (Assumption of the Risk)

25.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

26. The Defendants would show that the Plaintiff knew of the probable risk of injury or harm resulting from Plaintiff's actions, and therefore, the Defendants would plead the doctrine of assumption of the risk as a complete bar to this action.

## FOR A NINTH DEFENSE
### (Spoliation)

27. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

28. The Defendants would show that Plaintiff's Amended Complaint is barred by the doctrine of spoliation.

**WHEREFORE**, having fully answered, the Defendants pray that the Plaintiff's Amended Complaint be dismissed with costs, for attorney's fees and such other and further relief this Court deems just and proper.

The Defendants demand a jury trial.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/ Aaron J. Hayes
Mark S. Barrow, Fed. I.D. No. 1220
Aaron J. Hayes, Fed. I.D. No. 11196
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANTS**

Columbia, South Carolina

November 21, 2025